David L. GORDON and Clare (Clara) B. Gordon, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

William C. HILDEBRAND, Jr. and Jacqueline Hildebrand, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17227.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1958.

**414**

Douglas W. McGregor, Houston, Tex. (McGregor, Sewell & Junell, Houston, Tex., of counsel), for petitioners.

Joseph Kovner, James P. Turner, I. Henry Kutz, Lee A. Jackson, Dept. of Justice, Washington, D. C., John M. Morawski, Special Atty., Arch M. Cantrall, Chief Counsel, Internal Revenue Service, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

These petitions for review involve deficiencies in income taxes for the year 1950. They arise out of the determination of the Commissioner, sustained by the Tax Court, 29 T.C. 510, that the lump sum paid petitioners in that year in settlement of the payments remaining due on their employment agreement with Donner Foundation was ordinary income and not, as petitioners had reported it, long term gains from the sale of an interest in the tanker, "Torrance Hills".

Here on a single specification of error, that the tax court erred in holding that petitioners did not sell a capital asset and receive a capital gain, petitioners urge upon us that its judgment should be reversed and the deficiency set aside.

We do not think so. On the contrary, we think it is petitioners who err when they say that the sums in question here were paid them not in settlement of the payments remaining due on their employment agreement but as the proceeds of a "sale of their contract and rights in the Tanker", a sale in short of a capital asset.

Because the facts are undisputed and the tax court has in its opinion fully and correctly stated them, we will not restate them here, but, adopting the statement in the opinion, content ourselves with stating briefly those we deem controlling.

The first is that the letter contract with Hildebrand, set out in full in the opinion, in terms provides not for the acquisition and ownership by petitioners of an interest in the tanker but for annual payments of $33,333.33 for the ensuing six years for services performed and to be performed for the account of Donner Foundation as owner of the tanker.

The second is that when, after three annual payments had been made on the contract and three annual payments, aggregating $100,000.00 remained due, Donner sold the tanker, the remaining payments were settled for the liquidated sum of $93,125.89 and the obligations of the contract were satisfied and discharged.

The third is that, as shown in the undisputed evidence, indeed by Hildebrand's own testimony,[1] Hildebrand nev-

---

1. On page 103 of the Record the following colloquy appears:

"Q: Could the Donner Foundation have sold their vessel over your objection?

"A: In the final analysis, yes.

"The Court: What do you mean in the final analysis?

"The Witness: I mean *the complete title was in them;* the title of record.

"The Court: In other words, your answer is unqualifiedly yes?

"The Witness: Yes.

"The Court: I just wondered if you had some limitations connected with it.

"The Witness: No, sir." (Emphasis supplied.)

er had any title or interest, legal or equitable, in the vessel.

The fourth, also shown by Hildebrand's testimony,[2] is that the sale price of the vessel had nothing to do with the amount of the lump sum payment.

In the face of these undisputed facts, petitioners were, we think, hard put to it, indeed were wholly unable, to make out their claim to capital gains treatment of the income in question.

The judgment of the tax court was right. It is

Affirmed.

2. "Q.: Now, did the sale price of that vessel to the Texas Company have anything at all to do with the figure $93,-000—or whatever it was—that you received from the Foundation?

"A: In the determination of the figure, No."